UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re: 2005 United States Grand Prix  )   Master Docket No.1:05-cv-00914-SEB-VSS
_____  )

**MICHELIN NORTH AMERICA, INC.'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT**

Michelin North America, Inc. ("Michelin") moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss with prejudice Counts II, III, IV, and V of plaintiffs' Second Amended Consolidated Complaint for failure to state on claim on which relief may be granted. In support of this Motion, Michelin states as follows:

1.  Counts II, III, IV, and V of plaintiffs' Second Amended Consolidated Complaint are the only claims asserted against Michelin.

2.  Counts II, III, IV, and V assert a variety of legal theories based on the proposition that spectators may recover for disappointed expectations regarding the quality of the 2005 United States Grand Prix ("USGP") held in Indianapolis on June 19, 2005.

3.  There are no legal causes of action to recover for such disappointed expectations. Castillo v. Tyson, 268 A.D.2d 336, 337, 701 N.Y.S.2d 423, 425 (N.Y. App. Div. 2000); Stern v. Cleveland Browns Football Club, No. 95-L-196, 1996 WL 761163, *6 (Ohio Ct. App. Dec. 20, 1996); Beder v. Cleveland Browns, Inc. 129 Ohio App.3d 188, 195, 717 N.E.2d 716, 720-721 (Ohio Ct. App. 1998); Bickett v. Buffalo Bills, Inc., 122 Misc.2d 880, 472 N.Y.S.2d 245 (N.Y. Sup. 1983); Strauss v. Long Island Sports, Inc. d/b/a New York Nets, 60 A.D2d 501, 504, 401 N.Y.S.2d 233 (N.Y. App. Div. 1978).

4.  The express terms of the 2005 USGP race-day ticket preclude any claim for relief alleged against Michelin. The face of every ticket clearly states "NO REFUND" with no

exceptions, conditions or other terms. The back of the ticket provides a further disclaimer that releases all defendants for any claims arising out of the 2005 USGP.

5. Under the terms of the 2005 USGP ticket licenses, plaintiffs released any claims of any kind they may have had against any defendant under any legal theory. Romeo v. Pittsburgh Associates, 787 A.2d 1027, 1032 (Pa. Super. Ct. 2001); Honeycutt v. Tour Carriage, Inc., 997 F. Supp. 694, 700 (W.D.N.C. 1996); Soderholm v. Chicago Nat. League Ball Club, Inc., 225 Ill.App.3d 119, 125, 587 N.E.2d 517, 520 (Ill. Ct. App. 1992).

6. Count II must be dismissed because plaintiffs have not pleaded their status as third-party beneficiaries and cannot establish a contract or a warranty that was intended to benefit them.

  A. Plaintiffs allege they are third-party beneficiaries to unspecified "contractual arrangements" between and among all defendants regarding the race. Cmpl. ¶ 78.

  B. Plaintiffs fail to plead the minimum requirements to qualify as third-party beneficiaries under Indiana law or federal pleading requirements.

  C. Under Indiana law, third-party beneficiaries must show: "'(1) a clear intent by the actual parties to the contract to benefit the third party; (2) a duty imposed on one of the contracting parties in favor of the third party; and (3) performance of the contract terms is necessary to render the third party a direct benefit intended by the parties to the contract.'" Luhnow v. Horn, 760 N.E.2d 621, 628 (Ind. Ct. App. 2001)(citation omitted).

  D. Plaintiffs have failed to allege even one of the requisite criteria for third-party beneficiary status under Indiana law. Credit General Ins. Co. v. Midwest Indem. Corp., 916 F. Supp. 766, 772 (N.D.Ill. 1996); Kasada, Inc. v. Access Capital, Inc., No. 01 Civ.

8893(GBD), 2004 WL 2903776, *20 (S.D.N.Y. Dec. 14, 2004); Dorian v. Harich Tahoe Development, Nos. C-94-3387 DLJ, C-95-2112 DLJ, 1996 WL 925859, *6 (N.D.Cal. 1996).

  E. Third-party beneficiary claims based on similar arguments have been flatly rejected elsewhere and provide no legal footing for plaintiffs' claims here. Percha v. Detroit Lions, Inc., No. 240675, 2003 WL 23018757, *2 (Mich.Ct.App. Dec. 23, 2003); Castillo, 268 A.D.2d at 337.

  F. Plaintiffs' theory that they are third-party beneficiaries of unidentifiable warranties also fails because their pleading is improperly vague. See Cmpl. ¶ 80 ("plaintiffs are third-party beneficiaries to such contracts and to all warranties associated with such contracts"). Plaintiffs fail to allege the existence of any express warranty provided by Michelin. Even under notice pleading, the existence of an express warranty is a fundamental prerequisite to any claim based on a breach of express warranty. Peltz Construction Co. v. Dunham, 436 N.E.2d 892, 894 (Ind. Ct. App. 1982).

  G. Indiana law does not recognize the cause of action plaintiffs have attempted to allege. Indiana's Uniform Commercial Code, IC 26-1-2-318, limits third-party beneficiaries of any express or implied warranty to those who have suffered personal injuries. Hyundai Motor America, Inc. v. Goodin, 822 N.E.2d 947, 954-55 (Ind. 2005).

7. Count III must be dismissed because plaintiffs fail to state a legally cognizable claim for promissory estoppel against Michelin.

  A. Because there are no allegations of a specific promise made by Michelin to the plaintiffs, there can be no cause of action for promissory estoppel against Michelin. Brown v. Branch, 758 N.E.2d 48, 52 (Ind. 2001).

B. Plaintiffs' allegation that Michelin provided advertisements and promotions is unsupported. The Court is not required to accept plaintiffs' allegations that Michelin advertised the 2005 USGP. Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995).

C. Even if Michelin or one of the other defendants had advertised the event with the usual statements surrounding a race, such advertisements or race promotions are statements of prediction, opinion or mere puffery, and are not actionable as specific promises. Medtech Corp. v. Indiana Insurance Co., 555 N.E.2d 844, 847 (Ind. Ct. App. 1990); Security Bank & Trust Co. v. Bogard, 494 N.E.2d 965, 968-69 (Ind. Ct. App. 1986); Castillo, 268 A.D.2d at 337.

8. Count IV must be dismissed because plaintiffs fail to state a legally cognizable claim for negligence against Michelin.

A. Plaintiffs cannot establish either a duty or the breach of that duty as a matter of law; Plaintiffs and Michelin are legal strangers. Holt v. Quality Motor Sales, Inc., 776 N.E.2d 361, 366 (Ind. Ct. App. 2002); Wickey v. Sparks, 642 N.E.2d 262, 266 (Ind. Ct. App. 1994); see also Romeo, 787 A.2d at 1030.

B. The economic loss doctrine bars plaintiffs' negligence claim. Gunkel v. Renovations, Inc., 822 N.E.2d 150, 152, 155 (Ind. 2005).

9. Count V must be dismissed because plaintiffs fail to state a legally cognizable claim for tortious interference with a contract against Michelin.

A. The existence of a valid and enforceable contract is an essential element of a tortious interference claim. Sanderson v. Brugman, No. IP 00-0459-C H/K, 2002 WL 31255470, *5 (S.D.Ind. Sept. 20, 2002); see also Winkler v. V.G. Reed & Sons, Inc., 638 N.E.2d

1228, 1234 (Ind. 1994). Plaintiffs' USGP tickets do not constitute a valid and enforceable contract. Stern, 1996 WL 761163, *5 (a ticket to a football game is a license that creates no contract or property rights); Buffalo Bills, 472 N.Y.S.2d at 247 ("a ticket is but a license"); Sweeney v. United Artists Theater Circuit, Inc., ___ P.3d ___, 2005 WL 550344, *2-3 (Colo. Ct. App. 2005)(movie ticket "does not constitute a contract"); Detroit Lions, 2003 WL 23018757, at *1 ("When plaintiffs voluntarily purchased tickets to the football games for the price printed on the ticket, they purchased a revocable license to attend the event").

        B.    Plaintiffs cannot allege proximately resulting damages because a fan's disappointment with the performance or outcome of a sporting event does not constitute a loss in fact and cannot be recovered at law. See Castillo, 268 A.D.2d at 337; Stern, 1996 WL 761163, *6; Strauss, 60 A.D.2d at 510-511; Buffalo Bills, 472 N.Y.S.2d at 248. Plaintiffs have also failed to allege facts supporting a lack of justification. Morgan Asset Holding Corp. v. CoBank, ACB, 736 N.E.2d 1268, 1272 (Ind. Ct. App. 2000).

10.    Michelin hereby incorporates by reference its legal memorandum and attached exhibits filed contemporaneously with this motion.

WHEREFORE, Michelin respectfully requests the Court dismiss with prejudice Counts II through V of plaintiffs' Second Amended Complaint against Michelin and enter judgment in favor of Michelin and against plaintiffs on all such counts.

Respectfully submitted,

By: */s/ James W. Riley, Jr.*
Peter W. Herzog III
Bettina J. Strauss
Bryan Cave LLP
211 N. Broadway, Suite 3300
St. Louis, MO 63102
(314) 259-2000

James W. Riley, Jr., Esq.
Riley Bennett & Egloff, LLP
141 East Washington Street
Suite 400
Indianapolis, IN 46204
(317) 636-8000

Attorneys for Michelin North America, Inc.

Certificate of Service

I hereby certify that on September 21, 2005, a copy of Michelin North America, Inc.'s *Motion to Dismiss Plaintiffs' Second Amended Consolidated Complaint* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Henry J. Price
William N. Riley
Gabriel A. Hawkins
PRICE WAICUKAUSKI RILEY & DEBROTA, LLC
hprice@price-law.com
mdabio@price-law.com
sbissonnette@price-law.com
jmiller@price-law.com
ghawkins@price-law.com
wriley@price-law.com
eamos@price-law.com

Irwin B. Levin
Richard E. Shevitz
Scott D. Gilchrist
Eric S. Pavlack
Jeff S. Gibson
COHEN & MALAD, LLP
ilevin@cohenandmalad.com
ccox@cohenandmalad.com
rshevitz@cohenandmalad.com
cmeadows@cohenandmalad.com
epavlack@cohenandmalad.com
sgilchrist@cohenandmalad.com
jgibson@cohenandmalad.com

William Bock, III
James A. Knauer
Reynolds B. Brissenden
Kurtis A. Marshall
KROGER GARDIS & REGAS, LLP
wb@kgrlaw.com
jak@kgrlaw.com
hns@kgrlaw.com
rbb@kgrlaw.com
tjb@kgrlaw.com

kam@kgrlaw.com

Michael B. Hyman
MUCH SHELIST
mbhyman@muchshelist.com

Deborah J. Caruso
DALE & EKE
dcaruso@daleeke.com
lharves@daleeke.com

Peter E. Borkon
Robert C. Schubert
SCHUBERT & REED, LLP
pborkon@schubert-reed.com
rschubert@schubert-reed.com

KC Cohen
KC COHEN LAWYER, PC
kc@esoft-legal.com

Dylan A. Vigh
DULIK & VIGH
dvighlaw@gmail.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES,P.C.
rschuckit@schuckitlaw.com
asmith@schuckitlaw.com
lvecera@schuckitlaw.com
asmith@schuckitlaw.com

Larry D. Drury
ldrurylaw@aol.com

David M. Mattingly
Curtis W. McCauley
Robert L. Gauss
Mark J. Richards
ICE MILLER
david.mattingly@icemiller.com
jeni.keene@icemiller.com
mccauley@icemiller.com
lantz@icemiller.com
gauss@icemiller.com
worth@icemiller.com

mark.richards@icemiller.com

A. William Urquhart
Shon Morgan
Scott L. Watson
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
billurquhart@quinnemanuel.com
shonmorgan@quinnemanuel.com
scottwatson@quinnemanuel.com

Sally Franklin Zweig
Offer Korin
Bernard Pylitt
KATZ & KORIN
szweig@katzkorin.com
jleguellec@katzkorin.com
bburows@katzkorin.com
vellis@katzkorin.com
okorin@katzkorin.com
cwright@katzkorin.com
bpylitt@katzkorin.com
ckeith@katzkorin.com

Stephen P. Handler, P.C.
Derek J. Meyer
Stephanie A. Petersmarck
MCDERMOTT WILL & EMERY LLP
shandler@mwe.com
spetersmarck@mwe.com

Hugh E. Reynolds, Jr.
John K. McDavid
LOCKE REYNOLDS LLP
hreynolds@locke.com
sdunn@locke.com
meaton@locke.com
jmcdavid@locke.com
sreynolds@locke.com

Lawrence F. Carnevale
CARTER LEDYARD & MILBURN, LLP
carnevale@clm.com

Stephen E. Arthur
Raymond A. Basile
HARRISON & MOBERLY

sarthur@h-mlaw.com
basile@h-mlaw.com

Thomas A. Doyle
James J. Dries
Matthew Gordon Allison
BAKER & MCKENZIE LLP
thomas.a.doyle@bakernet.com
james.j.dries@bakernet.com
matthew.g.allison@bakernet.com

James McGinnis Boyers
William P. Wooden
WOODEN & MCLAUGHLIN LLP
jboyers@woodmaclaw.com
wwooden@woodmaclaw.com

    I hereby certify that on September 21, 2005, a copy of the foregoing was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Keith S. Shindler
1040 S. Milwaukee Ave.
Wheeling, IL 60090

James L. Welsh, III
Payne, Welsh & Klingensmith
Penn Plaza, Suite 208
Turtle Creek, PA 15145

                                          */s/ James W. Riley, Jr.*
                                          James W. Riley, Jr.