IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re: 2005 United States Grand Prix    )   Master Docket No.: 1:05-cv-00914-SEB-VSS
_____

**MEMORANDUM IN SUPPORT OF FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**Introduction**

The Fédération Internationale de l'Automobile (FIA) is a not-for-profit organization that sanctions Formula One events such as the 2005 U.S. Grand Prix. Although it owns the Formula One World Championship, the FIA has divorced itself from the associated commercial interests to avoid even the appearance of any conflict of interest with its role officiating the Championship. Nevertheless, plaintiffs have sued the FIA, with whom they have no relationship, and whose sole role was to officiate impartially the U.S. Grand Prix. Courts have refused to permit sports fans to recover after they are disappointed by events, and this Court should dismiss plaintiffs' complaint in its entirety.

**Background**

The FIA is a not-for-profit organization dedicated to representing the interests of motoring associations and automobile users throughout the world. The FIA comprises 207 national motoring organizations in 122 countries on five continents.

The FIA does not participate in the commercialization of Formula One racing. Rather, the FIA acts as the sanctioning body and "referee" for Formula One events such as the 2005 U.S. Grand Prix. The FIA ensures the fairness and safety of Formula One events pursuant to the International Sporting Code, the F1 Sporting Regulations, and

the F1 Technical Regulations. The FIA divorced itself from the commercial interests associated with Formula One to avoid even the appearance of any conflict of interest with its role as officiant.

The commercial interests relating to Formula One are managed by several entities, including co-defendants Formula One Management ("FOM") and Formula One Administration ("FOA"). The FIA licenses these entities certain Formula One commercial rights pertaining to the entire Championship, not to any particular race, for which the FIA receives a flat licensing fee. This fee does not change year to year, nor does it vary based on the success or failure of the Championship (or any particular race). Thus, the FIA has no commercial interest in the success or failure of any particular event or team.

FOA/FOM select the date and location for races and enter into the commercial agreements with each hosting track. The FIA is not party to such agreements, nor is it typically privy to the terms of these agreements. Likewise, the FIA is not party to contracts to sell television and other media rights to the races.

Nor does the FIA have any direct commercial relationship with the participating race teams, apart from the overarching agreement relating to the set up of the Championship. It has no contractual relationship of any kind with the tire manufacturers. The teams are responsible for bringing equipment suitable to permit them to race in accordance with the International Sporting Code and the Sporting and Technical Regulations of F1. The teams enter into agreements with tire manufacturers to provide tires for each race. The FIA is not party to any agreements between tire manufactures and teams.

At each race, the FIA provides track marshals and other officials who represent the FIA and ensure the race is run in accordance with all applicable rules. Accordingly, the FIA effectively acts as the referee of each event, to safeguard participants and spectators, and to ensure the fairness of the competition.

Michelin North America's brief, which the FIA joins, sets forth additional relevant facts.

### Argument

The FIA joins in the Motion to Dismiss filed by Michelin North America, Inc. in its entirety and adopts the arguments set forth therein. In addition, the FIA briefly raises the following additional points that supplement the Michelin motion.

### I.     Plaintiffs Cannot Prevail On A Claim For Disappointed Expectations

Plaintiffs' theories of recovery all arise from the single premise that a race fan can recover consequential damages if he or she does not see the race expected. Cmpl. ¶¶ 81, 84, 86. As Michelin shows, courts have properly rejected similar claims by disappointed spectators. For example, in Castillo v. Tyson, a purported class action arising from the infamous Tyson-Holyfield "ear-biting" fight, the court rejected virtually identical claims to those here. 268 A.2d 336, 337, 701 N.Y.S.2d 423, 425 (N.Y. App. Div. 2000). The Castillo plaintiffs did not even try to sue the referee or the state boxing commission that sanctioned the fight. By suing the FIA as the officiating body, Plaintiffs here have reached even farther, and their claims should be similarly dismissed.

### II.    Plaintiffs' Claims Are Barred By The Express Terms Of Their Tickets

The tickets to the 2005 USGP expressly state that "the holder of this ticket expressly assumes all risk incident to the event . . . and agrees that all event

participants, sanctioning bodies . . . [including the] FIA . . . are hereby released from any and all claims arising from the events, including claims of negligence." For the reasons stated in the Michelin brief, this unequivocal release is enforceable and bars plaintiffs' claims against the FIA in their entirety. See Romero v. Pittsburgh Assoc., 787 A.2d 1027, 1032 (Pa. Super. Ct. 2001) (tort claims brought by spectator at baseball game barred by ticket disclaimer).

### III. The FIA Owed Plaintiffs No Duty

To state a claim for negligence, plaintiffs must demonstrate that the FIA owed a legal duty to the spectators of the US Grand Prix. Sheley v. Cross, 680 N.E.2d 10, 12 (Ind. Ct. App. 1997). As a matter of law, the FIA owed no duty to spectators to ensure that they were not disappointed by the US Grand Prix. Race fans are well aware that equipment failures may preclude teams from participating. The FIA, as the officiating body of Formula One, has no duty to fans to warn or protect against this risk inherent in auto racing. See Romero, 787 A.2d at 1030 (no duty between operator of sporting venue and spectator to protect or warn of risks inherent in the sport). Accordingly, plaintiffs' negligence claim should be dismissed with prejudice.

### IV. Plaintiffs Have Pleaded No Promise By The FIA To Support A Promissory Estoppel Claim

To state a claim for promissory estoppel, a plaintiff must allege facts establishing that defendant made a specific promise. See Brown v. Branch, 758 N.E.2d 48, 52 (Ind. 2001). The Complaint is devoid of any allegation of a pre-race statement by any FIA personnel. As set forth in Michelin's motion, absent an allegation of a specific promise made by the FIA, this claim must be dismissed.

## Conclusion

For these reasons, and those set forth in Michelin's concurrent Motion, the FIA respectfully requests the Court dismiss with prejudice Counts II through V of plaintiffs' Second Amended Complaint against the FIA.

Respectfully submitted,

KATZ & KORIN, P.C.

   /s/ Sally Franklin Zweig
Sally Franklin Zweig (Atty No. 11367-49)
Offer Korin (Atty No. 14014-49)
Bernard L. Pylitt (Atty No. 5851-49)
KATZ & KORIN, P.C.
The Emelie Building; 334 North Senate Avenue
Indianapolis, IN 46204-1708
317-464-1100 (tel.); 317-464-1111 (fax)
E-Mail: szweig@katzkorin.com
       okorin@katzkorin.com
       bpylitt@katzkorin.com

A. William Urquhart
Shon Morgan
Scott Watson
QUINN EMANUEL URQUHART
    OLIVER & HEDGES
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213)-443-3252
Fax: (213)-624-0643
Email: shonmorgan@quinnemanuel.com
       billurquhart@quinnemanuel.com
       scottwatson@quinnemanuel.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2005, a copy of the foregoing **MEMORANDUM IN SUPPORT OF FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system:

| | |
|---|---|
| James A. Knauer (Plaintiff)<br>Kroger Gardis & Regas | jak@kgrlaw.com |
| William Bock, III (Plaintiff)<br>Kroger Gardis & Regas | wb@kgrlaw.com |
| Reynolds B. Brissenden (Plaintiff)<br>Kroger Gardis & Regas | rbb@kgrlaw.com |
| Kurtis Allen Marshall (Plaintiff)<br>Kroger Gardis & Regas | kam@kgrlaw.com |
| KC Cohen (Plaintiff)<br>KC Cohen Lawyer, PC | kc@esoft-legal.com |
| Deborah J. Caruso (Plaintiff)<br>Dale & Eke | dcaruso@daleke.com |
| Irwin B. Levin (Plaintiff)<br>Cohen & Malad, LLP | ilevin@cohenandmalad.com |
| Richard E. Shevitz (Plaintiff)<br>Cohen & Malad, LLP | rshevitz@cohenandmalad.com |
| Scott D. Gilchrist (Plaintiff)<br>Cohen & Malad, LLP | sgilchrist@cohenandmalad.com |
| Jeff S. Gibson (Plaintiff)<br>Cohen & Malad, LLP | jgibson@cohenandmalad.com |
| Eric S. Pavlack (Plaintiff)<br>Cohen & Malad, LLP | epavlack@cohenandmalad.com |
| Henry J. Price (Plaintiff)<br>Price Waicukauski Riley & DeBrota | hprice@price-law.com |
| William N. Riley (Plaintiff)<br>Price Waicukauski Riley & DeBrota | wriley@price-law.com |
| Gabriel A. Hawkins (Plaintiff)<br>Price Waicukauski Riley & DeBrota | ghawkins@price-law.com |
| Dylan A. Vigh (Plaintiff)<br>Dulik & Vigh | dvigh@gmail.com |
| Robert J. Schuckit (Plaintiff)<br>Schuckit & Associates, P.C. | rschuckit@schuckitlaw.com |
| Robert C. Schubert (Plaintiff)<br>Schubert & Reed, LLP | rschubert@schubert-reed.com |
| Peter E. Borkon (Plaintiff)<br>Schubert & Reed, LLP | pborkon@schubert-reed.com |
| Michael B. Hyman (Plaintiff) | mbhyman@muchshelist.com |

| | |
|---|---|
| Much Shelist Freed Deneberg AMent & Rubenstein | |
| Sally Franklin Zweig (FIA) Katz & Korin, P.C. | szweig@katzkorin.com |
| Offer Korin (FIA) Katz & Korin, P.C. | okorin@katzkorin.com |
| Bernard L. Pylitt (FIA) Katz & Korin, P.C. | bpylitt@katzkorin.com |
| A. William Urquhart (FIA) Quinn Emanuel Urquhart Oliver & Hedges | billurquhart@quinnemanuel.com |
| Shon Morgan (FIA) Quinn Emanuel Urquhart Oliver & Hedges | shonmorgan@quinnemanuel.com |
| Scott Watson (FIA) Quinn Emanuel Urquhart Oliver & Hedges | scottwatson@quinnemanuel.com |
| John K. McDavid (F1) Locke Reynolds, LLP | jmcdavid@locke.com |
| Hugh E. Reynolds, Jr. (F1) Locke Reynolds, LLP | hryenolds@locke.com |
| Stephanie A. Petersmarck (F1) McDermott Will & Emery LLP | spetersmarck@mwe.com |
| Steve P. Handler (F1) McDermott Will & Emery LLP | shandler@mwe.com |
| Derek J. Meyer (F1) McDermott Will & Emery LLP | dmeyer@mwe.com |
| James W. Riley (MNA) Riley Bennet & Egloff LLP | jriley@rbelaw.com |
| Peter W. Herzog III (MNA) Bryan Cave, LLP | pwherzog@bryancave.com |
| Bettina J. Strauss (MNA) Bryan Cave, LLP | bjstrauss@bryancave.com |
| David M. Mattingly (IMS) Ice Miller | david.mattingly@icemiller.com |
| Curtis W. McCauley (IMS) Ice Miller | mccauley@icemiller.com |
| Robert L. Gauss (IMS) Ice Miller | gauss@icemiller.com |
| Mark James Richards (IMS) Ice Miller | Mark.richards@icemiller.com |
| James McGinnis Boyers (Teams) Wooden & McLaughlin LLP | jboyers@woodmaclaw.com |
| William P. Wooden (Teams) Wooden & McLaughlin LLP | wwooden@woodmaclaw.com |
| Matthew Gordon Allison (Teams) Baker & McKenzie LLP | Matthew.g.allison@bakernet.com |
| Thomas A. Doyle (Teams) | thomas.a.doyle@bakernet.com |

| | |
|---|---|
| Baker & McKenzie LLP | |
| James J. Dries (Teams)<br>Baker & McKenzie, LLP | James.j.dries@bakernet.com |
| Raymond A. Basile (Ferrari)<br>Harrison & Moberly | basile@h-mlaw.com |
| Stephen E. Arthur (Ferrari)<br>Harrison & Moberly | sarthur@h-mlaw.com |
| Lawrence F. Carnevale<br>Carter Ledyard & Milbum, LLP | carnevale@clm.com |

I hereby certify that on the 21st day of September, 2005, a copy of the foregoing **MEMORANDUM IN SUPPORT OF FÉDÉRATION INTERNATIONALE DE L'AUTOMOBILE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** was mailed, by first-class U.S. Mail, postage pre-paid and properly addressed to the following:

    Keith S. Shindler
    1040 S. Milwaukee Ave.
    Wheeling, IL  60090


                                                                        /s/ Sally Franklin Zweig_____
                                                                        Sally Franklin Zweig


Katz & Korin, P.C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN  46204-1708
317/464-1100; 317/464-1111 Fax
E-Mail:  szweig@katzkorin.com