UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: 2005 UNITED STATES GRAND PRIX PRODUCTS LIABILITY LITIGATION | ) ) | Master Docket No. 1:05-cv-00914-SEB-VSS |

**FORMULA ONE ADMINISTRATION LIMITED AND FORMULA ONE MANAGEMENT LIMITED'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**INTRODUCTION**

In Michelin North America, Inc.'s ("Michelin") Memorandum in Support of Its Motion to Dismiss Plaintiffs' Second Amended Consolidated Complaint ("Michelin Motion to Dismiss"), Michelin responds to many of the claims Plaintiffs also make against Formula One Administration Limited and Formula One Management Limited (collectively, "Formula One"). As indicated below, Formula One adopts the arguments included in Michelin's Motion to Dismiss where they apply equally to Formula One. In addition, this Brief focuses on Plaintiffs' specific allegations against Formula One.[1] As demonstrated below, Plaintiffs fail to allege any claim cognizable against Formula One.

**STANDARD OF REVIEW ON A MOTION TO DISMISS**

Formula One adopts the Legal Standard set forth in Michelin's Motion to Dismiss. (Michelin Motion to Dismiss, p. 4.)

**PERTINENT ALLEGATIONS OF THE COMPLAINT**

Formula One adopts the Factual Background set forth in Michelin's Motion to Dismiss. (Michelin Motion to Dismiss, pp. 1-2.) Formula One accepts as true the facts alleged in the

---

[1] Defendants do not address here the insufficiency of the class allegations (which, too, are fatally deficient), for they are not in issue on this motion and will be moot if the Court dismisses the complaint in accordance with Defendants' motions.

Complaint only for purposes of this motion to dismiss. Conclusions are not accepted for any purpose.

In addition to the facts set forth in Michelin's Motion to Dismiss, Formula One states: Formula One Administration Limited ("FOA") and Formula One Management Limited ("FOM") are two of the thirteen Defendants sued by Plaintiffs in this purported class action. (Comp. ¶¶ 17-29.) FOA and FOM are foreign entities located in England. *Id.* at ¶ 18.

Plaintiffs allege they "entered into a uniform express agreement" with Defendant IMS. *Id.* at ¶ 71. Plaintiffs do not, and cannot, allege that Formula One contracted with any of the Plaintiffs. *See* Compl., generally. Plaintiffs allege "Defendants" intentionally interfered with their contract with the IMS by arranging for drivers using Michelin tires not to Race. *Id.* at ¶ 92. Yet, Plaintiffs do not refer to a single action of Formula One which could even provide circumstantial evidence to support such a conclusion. *See* Compl., generally.

Plaintiffs do not state from whom they purchased their tickets or that they purchased tickets at all. *See* Compl., generally. They certainly do not, and cannot, allege they purchased their tickets from Formula One. Plaintiffs concede Formula One did not receive any benefits from Plaintiffs; rather, Plaintiffs allege IMS retained those benefits. *Id.* at ¶¶ 96, 98. Instead, Plaintiffs allege Formula One received and retained fees from IMS and revenues from other sources and insist Formula One disgorge them to Plaintiffs. *Id.* at ¶¶ 97-99.

Plaintiffs' also claim that Defendants generally "promised" a race other than that which took place. *Id.* at ¶ 3. Yet, Plaintiffs fail to allege what those promises were, when they were made, by whom they were made, to whom they were made, who relied upon them, and when they so relied. *See* Compl., generally. Plaintiffs also claim that "Defendants conspired and acted together to provide advertising and promotion of the presentation of the sports entertainment

event identified as the 2005 U.S. Grand Prix as a Regulation Formula One Championship Series Race with ten (10) Formula One teams competing in such race with the exception (*sic*) that Plaintiffs and Plaintiff Class would reasonably rely on these public commitments." *Id.* at ¶ 82. Again, Plaintiffs do not allege that Formula One made a promise to them, what that promise was, when the promise was made, by whom it was made, to whom it was made, which of Plaintiffs relied upon Formula One's promise, and when they so relied. *See* Compl., generally. Instead, Plaintiffs occasionally reference the response of Bernie Ecclestone to a question put to him one day before the Race regarding his expectation for the Race: "[W]hen asked whether he *expected* a full grid of twenty (20) cares to start the Race," Mr. Ecclestone replied "'Absolutely. I am 100% sure it will happen'." *Id.* at ¶ 2 (emphasis added); *see also id.* at ¶ 34 ("Bernie Ecclestone of Formula One and Formula One Administration publicly guaranteed that twenty (20) cars would participate in the Race.") Plaintiffs also include a section on "Post Race Statements" which are not and cannot be offered in support of any claim. *Id.* at ¶¶ 52-62.

## ARGUMENT

In their Complaint, Plaintiffs fail to plead sufficient facts to state any claim against Formula One because (1) the law prohibits claims by disappointed fans based on dissatisfaction with an entertainer's performance; (2) Plaintiffs do not properly plead their status as third-party beneficiaries or establish the existence of a contract or warranty, either express or implied; (3) Plaintiffs fail to allege any promise made to them by Formula One, a promissory estoppel claim may not be based on a written contract, and Plaintiffs disclaimed their right to bring a promissory estoppel claim; (4) Plaintiffs' allegations do not establish the existence or breach of a duty and, in the absence of injury to person or physical damage to property, Plaintiffs may not recover in tort for purely economic damage; (5) Plaintiffs' allegations do not support a tortious interference

3

claim because Plaintiffs fail to properly allege the existence or breach of contract, and Plaintiffs fail to allege the absence of justification; (6) Plaintiffs fail to plead that Formula One unjustly retained benefits, and Plaintiffs' conclusions are insufficient to support a claim for unjust enrichment; and (7) the tickets used by Plaintiffs contained binding exculpatory language by which ticket holders disclaimed the right to bring actions such as those advanced in the Complaint against Formula One and other Defendants. For these reasons, explained in greater detail below, and the reasons explained in Michelin's Motion to Dismiss, Plaintiffs' claims against Formula One should be dismissed as a matter of law.

I. **Disappointed Expectations Regarding a Sporting Event Do Not Support Any Cause of Action Under Any Legal Theory.**

Formula One adopts the arguments set forth in Section I. of Michelin's Motion to Dismiss as they are equally applicable to Formula One. (Michelin Motion to Dismiss, pp. 5-10.) Plaintiffs may not recover against Formula One because disappointed expectations regarding a sporting event do not a support a cause of action under any legal theory, and the express terms of the ticket preclude any relief to Plaintiffs.

II. **Plaintiffs' Fail to Allege in Count II the Requisite Existence of and Establish They Are Third-Party Beneficiaries to Purported Contractual Arrangements or Purported Associated Warranties.**

Formula One adopts the arguments set forth in Section II.A. of Michelin's Motion to Dismiss as they are equally applicable to Formula One. (Michelin Motion to Dismiss, pp. 10-14.) Plaintiffs may not recover against Formula One because Plaintiffs do not, and cannot, properly plead their status as third-party beneficiaries and cannot establish the existence of a contract or warranty, either express or implied. In addition, Formula One states the following:

In this case, Plaintiffs' Complaint fails to meet even the first requirement of a third-party beneficiary claim. Plaintiffs do not, and cannot, point to any specific contract to which Formula

One is a party that is intended to confer a direct benefit to Plaintiffs, let alone to the requisite specific language establishing such intent. Plaintiffs' claim is based on nothing more than conjecture and speculation. As Plaintiffs themselves described, the alleged contracts to which they claim to be third-party beneficiaries do not evidence the required clear intent of any Defendant to directly benefit Plaintiffs. (Compl., ¶ 80); *Gonzales v. Kil Nam Chun*, 465 N.E.2d 727, 729 (Ind. Ct. App. 1984). More accurately, any contract governing "proper operation of the race," "application of the rules," or "the obligations of Michelin to provide safe and suitable tires" is intended to provide direct benefits to participants in the Race, that is, to ensure a safe and fair race. *Id.* The receipt of any benefit by Plaintiffs, intended or not, is merely incidental to the purported contracts and does not empower Plaintiffs to enforce such contracts. *Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind. Ct. App. 2001); *Gonzales,* 465 N.E.2d at 730 (affirming summary judgment against plaintiff and finding contracting parties did not intend plaintiff to be a third party beneficiary where there was no evidence or reasonable inference the parties intended to directly benefit plaintiff, the agreement made no reference to plaintiff, and "[a]ny benefit [plaintiff] derived from the agreement was at best incidental . . ."). For this reason and those identified in Michelin's Motion to Dismiss, Plaintiffs' allegations against Formula One in Count II should be rejected.

### III. Plaintiffs Cannot Establish the Requisite Elements of Count III Based on a Promissory Estoppel Claim Against Formula One.

Formula One adopts the arguments set forth in Section II.B. of Michelin's Motion to Dismiss as they are equally applicable to Formula One. (Michelin Motion to Dismiss, pp. 14-16.) Plaintiffs may not recover against Formula One because Plaintiffs fail to allege Formula One made a promise to them; a promissory estoppel claim may not be based on a written

5

contract; and Plaintiffs disclaimed their right to bring a promissory estoppel claim against Formula One. In addition, Formula One states the following:

In this case, Plaintiffs' promissory estoppel claim fails at its first step; Plaintiffs fail to allege a promise by Formula One to Plaintiffs. Plaintiffs generally allege a conspiracy among "Defendants" "to act together to provide advertising and promotion." (Compl. ¶ 82.) Yet, Plaintiffs fail to allege how such things, if true, constitute a promise by Formula One. Even if Formula One had made a statement advertising or promoting the Race, such statement would have expressed a hope or prediction that the Race would include ten teams, rather than a promise or a commitment to provide such a race. Moreover, Plaintiff's allege that the facts underlying the alleged conspiracy to have three teams instead of ten did not arise until after the advertising and promotion (the alleged promises) had occurred. *Id.* at ¶ 2. Here, Plaintiffs seek to create an estoppel based on statements they allege were made at a time prior to Formula One's knowledge of the circumstances which ultimately resulted in a Race with which Plaintiffs were disappointed.

The only allegation in their Complaint which could possibly be construed as a promise by Formula One is an oral "public statement" made by Bernie Ecclestone one day before the Race: "when asked whether he *expected* a full grid of twenty (20) cars to start the Race," Mr. Ecclestone replied "'Absolutely. I am 100% sure it will happen'." *Id.* at ¶ 2 (emphasis added). Plaintiffs' do not allege, as they must to survive a motion to dismiss, a commitment or undertaking by Formula One addressed to Plaintiffs that Formula One will perform any action in the future, let alone whether they heard such a commitment and relied on it. *Woodall v. Citizens Banking Co*., 507 N.E.2d 999, 1000 (Ind. Ct. App. 1987). An *expectation* or prediction is not a

promise.  *Security Bank & Trust Co. Bogard*, 494 N.E.2d 965, 969 (Ind. Ct. App. 1986).  Plaintiffs' claim for promissory estoppel fails as a matter of law.

### IV. Plaintiffs' Negligence Claim in Count IV Fails Because No Duty Exists and the Economic Loss Doctrine Precludes Recovery of Plaintiffs' Alleged Damages.

Formula One adopts the arguments set forth in Section II.C. of Michelin's Motion to Dismiss as they are equally applicable to Formula One.  (Michelin Motion to Dismiss, pp. 16-17.)  Plaintiffs may not recover against Formula One because Plaintiffs' allegations do not establish the existence or breach of a duty and, in the absence of injury to person or physical damage to property, Plaintiffs may not recover in tort for purely economic damages.

In addition, Plaintiffs' negligence claim against Formula One fails because Plaintiffs have alleged no duty running from Formula One to Plaintiffs.  A duty may arise when one assumes or undertakes a duty to act through affirmative conduct or agreement.  *Johnson v. Owens*, 639 N.E.2d, 1016, 1019 (Ind. Ct. App. 1994); *see also Delta Tau Delta v. Johnson*, 712 N.E.2d 968, 975 (Ind. 1999) (finding as a matter of law that defendant, a national fraternity, did not assume a duty to keep plaintiff free from sexual assault even though a chapter of the fraternity had placed posters proclaiming it was a fighter against date rape in places where they could be seen by the public); *Hous. Auth. of S. Bend v. Grady*, 815 N.E.2d 151, 160-61 (Ind. Ct. App. 2004) (ordering the trial court to enter summary judgment against plaintiff after finding, as a matter of law, that defendant's communications with plaintiff about the circumstances were not sufficient to establish defendant voluntarily assumed a duty to plaintiff); *Helmchen v. White Hen Pantry*, 685 N.E.2d 180, 183 (Ind. Ct. App. 1997) ("In order for a duty to arise, the control [of a defendant over an instrumentality] must consist of more than the mere making of suggestions or recommendations."); *G L Indus. of Michigan, Inc. v. Forstmann-Little*, 800 F. Supp. 695, 700 (S.D. Ind. 1991) (finding that, despite plaintiffs' attempt to base a claim against defendant upon

defendant's alleged failure to disclose material information to the plaintiffs, plaintiffs failed to effectively state a claim because they did not allege a legally cognizable duty to disclose).

In an effort to establish a duty where none truly exists, Plaintiffs imply that, as a result of its alleged yet unidentified advertising and promotion of the Race, Formula One "voluntarily assumed" a duty to Plaintiffs. *Id.* at ¶ 86. This allegation is merely conclusory and does not establish Formula One's voluntary assumption of a duty. Plaintiffs fail to allege any affirmative conduct or agreement of Formula One which resulted in its voluntary assumption of a duty.

### V. Plaintiffs' Tortious Interference Claim in Count V Must Be Dismissed Because Plaintiffs Cannot Establish Any of the Necessary Elements.

Formula One adopts the arguments set forth in Section II.D. of Michelin's Motion to Dismiss as they are equally applicable to Formula One. (Michelin Motion to Dismiss, pp. 17-19.) Plaintiffs may not recover against Formula One because Plaintiffs fail to properly allege the existence or breach of a contract and Plaintiffs fail to allege the absence of justification.

### VI. Plaintiffs May Not Recover for Disappointed Expectations and Fail to Properly Plead a Claim for Unjust Enrichment In Count VI.

In Count VI, unjust enrichment, Plaintiffs present yet another version of the same overall argument alleged in support of their other claims. "[T]he pivotal concept of 'unjust enrichment' is the occurrence of a wrong or something unjust." *Roberts v. Alcoa, Inc*., 811 N.E.2d 466, 475 (Ind. Ct. App. 2004) (quoting *Savoree v. Industrial Contracting & Erecting, Inc*., 789 N.E.2d 1013, 1020 (Ind. Ct. App. 2003) (quoting *Indianapolis Raceway Park, Inc., v. Curtiss*, 386 N.E.2d 724, 726-727 (1979) ("Absent a wrong, intervention by equity is inappropriate.")). For that reason, "[n]o action can lie in [unjust enrichment] unless one party is *wrongfully* enriched at the expense of another." *Roberts*, 811 N.E.2d at 475 (quoting *Savoree,* 789 N.E.2d at 1018) (quoting *Indianapolis Raceway Park, Inc.*, 386 N.E.2d at 726).

Here, any retention of benefit conferred on Formula One is not unjust in light of the license granted to Plaintiffs by IMS and the express terms of that license wherein Plaintiffs disclaimed any refund and released Formula One from any and all claims.[2] (Michelin Motion to Dismiss, pp. 9-10 and Exhibit A thereto) ("The holder of [the] ticket expressly assumes all risk incident to the event . . . and agrees . . . FOA and Formula One Management Limited . . . are hereby released from any and all claims arising from the events, including claims of negligence.") This comprehensive language is in aid of the public policy regarding ticket holding spectators as addressed earlier in this brief and in Michelin's brief. Plaintiffs' claim for unjust enrichment against Formula One should be dismissed as a matter of law.

## CONCLUSION

For all of the foregoing reasons, Defendants Formula One Administration Limited and Formula One Management Limited respectfully request the Court dismiss the Second Amended Consolidated Complaint against them with prejudice or, in the alternative, to dismiss each of the individual Counts of the Complaint against them with prejudice and grant to Defendants Formula One Administration Limited and Formula One Management Limited such other relief as this Court deems just and appropriate under the circumstances.

---

[2] Moreover, Plaintiffs' allegations reveal that they did not pay any money to or confer any other benefit on Formula One. *See* Compl., generally.

Dated: September 21, 2005
Respectfully submitted,

FORMULA ONE ADMINISTRATION LIMITED AND FORMULA ONE MANAGEMENT LIMITED

By: */s/ John K. McDavid*
    One of their attorneys

    Hugh E .Reynolds, Jr.
    John K. McDavid
    LOCKE REYNOLDS LLP
    201 North Illinois Street
    Suite 1000
    P.O. Box 44961
    Indianapolis, IN 46244-0961
    (317) 237-3800
    (317) 237-3900 (fax)

    Stephen P. Handler, P.C. (*admitted pro hac vice*)
    Derek J. Meyer (*admitted pro hac vice*)
    Stephanie A. Petersmarck (*admitted pro hac vice*)
    MCDERMOTT, WILL & EMERY LLP
    227 W. Monroe Street
    Chicago, Illinois 60606
    (312) 372-2000
    (312) 984-7700 (fax)

    *Attorneys for Formula One*
    *Administration Limited and*
    *Formula One Management Limited*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

PLAINTIFFS' COUNSEL:

| | |
|---|---|
| Henry J. Price<br>William N. Riley<br>Gabriel A. Hawkins<br>PRICE WAICUKAUSKI RILEY & DEBROTA<br>hprice@price-law.com<br>wriley@price-law.com<br>ghawkins@price-law.com<br>(Attorneys for Plaintiffs) | James A. Knauer<br>William Bock, III<br>Reynolds B. Brissenden<br>Kurtis Allen Marshall<br>KROGER GARDIS & REGAS, LLP<br>*jak@kgrlaw.com*<br>*wb@kgrlaw.com*<br>*rbb@kgrlaw.com*<br>*kam@kgrlaw*<br>(Attorneys for Plaintiff Bowers and Miller) |
| Robert C. Schubert<br>Peter E. Borkon<br>SCHUBERT & REED, LLP<br>*pborkon@schubert-reed.com*<br>*rschubert@schubert-reed.com*<br>(Attorneys for Plaintiff Dunn) | Robert J. Schuckit<br>SCHUCKIT & ASSOCIATES, P.C.<br>*rschuckit@schuckitlaw.com*<br>(Attorneys for Plaintiff Dunn) |
| Dylan A. Vigh<br>DULIK & VIGH<br>*dvighlaw@gmail.com*<br>(Attorneys for Plaintiff Shirey) | K.C. Cohen<br>K.C. COHEN LAWYER, PC<br>*kc@esoft-legal.com*<br>(Attorneys for Plaintiff Symons) |
| Eric S. Pavlack<br>Irvin B. Levin<br>Jeff S. Gibson<br>Richard E. Shevitz<br>Scott D. Gilchrist<br>COHEN & MALAD LLP<br>*epavlack@cohenandmalad.com*<br>*ilevin@cohenandmalad.com*<br>*jgibson@cohenandmalad.com*<br>*rschevitz@cohenandmalad.com*<br>*sgilchrist@cohenandmalad.com*<br>(Attorneys for Plaintiff Stewart) | Keith S. Shindler<br>LAW OFFICE OF KEITH S. SHINDLER, LTD.<br>*keith@shindlerlaw.com*<br>(Attorneys for Plaintiff Vassilyev) |

Michael B. Hyman  
MUCH, SHELIST, FREED, DENENBERG, AMENT & RUBENSTEIN, P.C.  
mbhyman@muchshelist.com  
(Attorneys for Plaintiff Vassilyev)

Deborah J. Caruso  
DALE & EKE  
*dcaruso@daleeke.com*  
(Attorneys for Plaintiff Vassilyev)

DEFENDANTS' COUNSEL:

Matthew Gordon Allison  
Thomas A. Doyle  
James J. Dries  
BAKER & MCKENZIE  
*thomas.a.doyle@bakernet.com*  
*james.j.dries@bakernet.com*  
*matthew.g.allison@bakernet.com*  
(Attorneys for Mile Seven Renault F1 Team, BMW Williams F1 Team, Lucky Strike Bar Honda, Panasonic Toyota Racing, Red Bull Racing, Sauber Petronas and West McLaren Mercedes)

William P. Wooden  
James McGinnis Boyers  
WOODEN & MCLAUGHLIN LLP  
*wwooden@woodmaclaw.com*  
*jboyers@woodmaclaw.com*  
(Attorneys for Mile Seven Renault F1 Team, BMW Williams F1 Team, Lucky Strike Bar Honda, Panasonic Toyota Racing, Red Bull Racing, Sauber Petronas and West McLaren Mercedes)

James W. Riley, Jr.  
RILEY BENNETT & EGLOFF, LLP  
*jriley@rbelawa.com*  
(Attorneys for Michelin North American, Inc.)

Shon Morgan  
A. William Urquhart  
Scott Watson  
QUINN EMANUEL URQUHART OLIVER & HEDGES  
*shonmorgan@quinnemanuel.com*  
*billurquhart@quinnemanuel.com*  
*scottwatson@quinnemanuel.com*  
(Attorneys for Federation Internationale De L'Automobile)

David M. Mattingly  
Robert L. Gauss  
Curtis W. McCauley  
Mark J. Richards  
ICE MILLER  
*david.mttingly@icemiller.com*  
*gauss@icemiller.com*  
*mark.richards@icemiller.com*  
*mccauleyicemiller.com*  
(Attorneys for Indianapolis Motor Speedway Corporation)

Lawrence F. Carnevale  
CARTER LEDYARD & MILBURN, LLP  
*carnevale@clm.com*  
(Attorneys for Scuderia Ferrari Marlboro)

Bettina J. Strauss  
Peter W. Herzog, III  
BRYAN CAVE LLP  
*bjstrauss@bryancave.com*  
*pwherzog@bryancave.com*  
(Attorneys for Michelin Tire Corporation)

Offer Korin  
Sally F. Zweig  
Bernard L. Pylitt  
KATZ & KORIN  
*okorin@katzkorin.com*  
*szweig@katzkorin.com*  
*bpylitt@katzkorin.com*  
(Attorneys for Federation Internationale De L'Automobile)

Larry D. Drury  
LARRY D. DRURY, LTD.  
ldrurylaw@aol.com  
(Attorney for Katsenes)

Stephen E. Arthur  
Raymond A. Basile  
HARRISON & MOBERLY  
*sarthur@h-mlaw.com*  
*basile@h-mlaw.com*  
(Attorneys for Scuderia Ferrari Marlboro)

|  | */s/ John K. McDavid* |
|---|---|
|  | John K. McDavid |

LOCKE REYNOLDS LLP
201 North Illinois Street, Suite 1000
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
*hreynolds@locke.com*
*jmcdavid@locke.com*

Steven P. Handler, P.C. *(admitted pro had vice)*
Derek J. Meyer *(admitted pro had vice)*
Stephanie A. Petersmarck *(admitted pro had vice)*
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL  60606
312-372-2000
*shandler@mwe.com*
*dmeyer@mwe.com*
*spetersmarck@mwe.com*

649017_1