UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: 2005 UNITED STATES GRAND PRIX PRODUCTS LIABILITY LITIGATION | ) ) | Master Docket No. 1:05-00914-SEB-VSS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT FERRARI S.p.A.'s
MOTION TO DISMISS SECOND AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6) OF
THE FEDERAL RULES OF CIVIL PROCEDURE**

### PRELIMINARY STATEMENT

Defendant Ferrari S.p.A., sued herein as Scuderia Ferrari Marlboro ("Ferrari"), respectfully submits this reply memorandum of law in further support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Second Amended Consolidated Class Action Complaint (the "Complaint" or "Compl.") for failure to state a claim upon which relief may be granted and failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8(a) against Ferrari.

### STATEMENT OF FACTS

The relevant facts were laid out in detail in the Memorandum of Law in Support of Defendant Ferrari S.p.A.'s Motion to Dismiss Second Amended Consolidated Class Action Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Ferrari's Memorandum" or "Ferrari's Mem.") and are incorporated herein.

1344581.3

# ARGUMENT

# THIS ACTION SHOULD BE DISMISSED UNDER F.R.C.P. 12(b)(6) FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND FOR FAILING TO MEET THE MINIMAL PLEADING REQUIREMENTS OF F.R.C.P. 8(a)

The Complaint, which alleges that Ferrari somehow acted to prevent the 2005 United States Grand Prix Formula One automobile race (the "2005 USGP" or "Race") from taking place as advertised, should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted and for failing to meet even the liberal pleading requirements of Federal Rule of Civil Procedure 8(a).

## I. All Counts of Plaintiffs' Second Amended Complaint Should Be Dismissed Because Ferrari Ran and Completed the Race

Plaintiffs' case is based on the fact that certain racing teams did not run the Race and, as a result, Plaintiffs were disappointed and suffered damages. See, e.g., Compl. ¶¶ 36, 47; Plaintiffs' Brief in Opposition to Defendants' Motions to Dismiss (hereinafter "Plaintiffs' Opposition" or "Plaintiffs' Opp.") at 4. Unlike the other defendant racing teams, it is alleged that Ferrari actually ran the Race. See Compl. ¶ 48. Nowhere in Plaintiffs' Opposition do Plaintiffs dispute that Ferrari ran and completed the Race. Nevertheless, Plaintiffs' Opposition essentially ignores this glaring distinction, lumping all racing teams together without addressing the unique position of Ferrari. Assuming the facts alleged as true, as required by Rule 12(b)(6), the fact that Ferrari ran the Race requires that Plaintiffs' claims against Ferrari must fail.

The Complaint contains no allegation that any racing team owed a duty, contractual or common law, to cooperate with one another or to compel one another to race. Rather, the breaches alleged against the racing teams are that they each individually

elected not to race in the face of obligations they assumed to do so. In the absence of any alleged duty to cause other racing teams to race, the claims against Ferrari cannot stand because it participated in the Race. Not only is there no allegation of a duty for Ferrari to cooperate with the other teams or to ensure they race, there is also no allegation from which an inference of such a duty could be drawn. Common sense dictates the opposite. The racing teams are competitors. They have no duty to assist one another's performance or to surrender an authorized advantage. The fact that it is alleged that Ferrari raced requires that the case be dismissed against it.

## II. All Counts of Plaintiffs' Second Amended Complaint Should Be Dismissed Because Disappointed Expectations Regarding a Sporting Event Do Not Support Any Cause of Action Under Any Legal Theory

Ferrari cited several cases in its Memorandum for the proposition that claims based on subjective expectations and opinions are not actionable. See Ferrari's Mem. at 6-11. Plaintiffs in their Opposition do not disagree with this proposition and the supporting law. Instead, Plaintiffs attempt to create a distinction between "objectively verifiable" and "subjective" expectations. Plaintiffs' Opp. at 7. Plaintiffs argue that Ferrari's line of cases involving the dismissal of claims based on spectators' disappointed expectations is not applicable to the situation at bar in which Plaintiffs claim deprivation of an "objectively verifiable contractual right" to a race involving more than six participants. Plaintiffs' Opp. at 11.

As an initial matter, Plaintiffs do not cite a single case that draws a similar distinction in the context of a sporting or entertainment event. Grasping at straws, Plaintiffs cite provisions in the Concorde Agreement among the Defendants that have no application to the circumstances of this case and that, in any event, were not available to

or relied on by the spectators to form their expectations. The provisions of the Concorde Agreement on their face do not require a 20 car race. Rather, they provide for certain contingencies to enhance competition in the event certain teams are unable (for example, due to financial constraints) to field or campaign cars in a given championship season. Plaintiffs' Opp. at 9-10.

Plaintiffs are essentially arguing that because only six cars raced in the 2005 USGP, the Race was not of the caliber of a Formula One race. This is no different from the argument made in Beder v. Cleveland Browns, 129 Ohio App. 3d 188, 195, 717 N.E.2d 716, 720 (Ohio Ct. App. 1998), where a football season ticket holder complained that the quality of several games played "w[as] not of the caliber of an NFL football team." The Beder court rejected this argument, holding that "[t]o allow recovery under such a theory would enable any ticket holder not satisfied with the performance of whatever entertainment the ticket procured to seek a refund for such a subjective and unreasonable response." 717 N.E.2d at 721. Plaintiffs also now claim the spectators "did not see a race." Plaintiffs' Opp. at 11. But they did see a race. In fact, as alleged by the Plaintiffs themselves, Ferrari actually ran the Race. See Compl. ¶ 48.

Equally without substance is Plaintiffs' attempt to distinguish two other cases, Castillo v. Tyson, 268 A.D.2d 336, 701 N.Y.S.2d 423 (N.Y. App. Div. 2000), and Strauss v. Long Island Sports, Inc., 60 A.D.2d 501, 401 N.Y.S.2d 233 (N.Y. App. Div. 1978), on the ground that the expectations involved there were unreasonable as a matter of law. Plaintiffs' Opp. at 13. Plaintiffs argue that, under Castillo, in order to defeat a claim based upon spectators' expectations, defendants must cite a rule that renders such expectations unreasonable. This reading of Castillo is far too narrow. The Castillo court

determined that the plaintiffs-spectators' expectation that a fight would last more than one round was unreasonable. 268 A.D.2d at 337. The court referred to a boxing rule that contemplated disqualification even in the first round of a fight merely as additional evidence that plaintiffs' expectations were unreasonable. Id.

Plaintiffs are likewise wrong in asserting that Strauss is inapplicable here. Strauss involved a claim based on representations and advertisements similar to those Plaintiffs allege in the Complaint. Compl. ¶ 1; see id. ¶¶ 30-31. The plaintiff in Strauss claimed reliance on the fact that basketball superstar Dr. J. would play for the Nets. 60 A.D.2d at 504. Strauss is applicable here, where Plaintiffs claim reliance on advertisements and promises allegedly made by Defendants. See, e.g., Compl. ¶ 82.

Not only are prior decisions addressing spectators' expectations applicable here, but also, contrary to Plaintiffs' argument, sporting rules and regulations do not constitute contracts and therefore do not require a given standard of sporting performance by the participants. See, e.g., Homer v. Burman Elec. Serv., 743 N.E.2d 1144, 1146 (Ind. Ct. App. 2001) (requiring offer, acceptance and consideration to form the basis of a contract under Indiana law); see also Beverage Distribs., Inc. v. Olympia Brewing Co., 440 F.2d 21, 29 (9th Cir. 1971) ("A gratuitous and unsolicited statement of policy or of intention which receives the concurrence of the party to whom it is addressed, does not constitute a contract.") (citing Williston on Contracts); Bellos v. Porter, 201 F.2d 429, 431 (8th Cir. 1953) ("A mere assurance that a party may act in a certain matter, standing alone, can not be converted into a contract . . . 'A declaration of intention to act in a certain way which does not show that the party who makes such declaration promises to act in such a way or intends to incur legal liability obliging him to act in such a way is not an offer which can

5

1344581.3

be accepted so as to make contract.'") (quoting Page on Contracts). Likewise, any statement made by a defendant in promoting the 2005 USGP is not a contract in the absence of privity of contract between plaintiffs and defendants. Castillo, 268 A.D.2d at 337 ("assuming other representations were made promising or implying a 'legitimate fight,' there can be no breach of warranty claim absent privity of contract between plaintiffs and defendants").

Finally, to the extent that the real focus of Plaintiffs' spectators' expectations argument is their breach of contract claim, this has absolutely nothing to do with Ferrari. Plaintiffs have not alleged a contract, written or otherwise, with Ferrari or any defendant other than the Indianapolis Motor Speedway ("IMS"). As Plaintiffs' reasonable expectations argument is really an invalid breach of contract claim, all of Plaintiffs' claims against Ferrari must be dismissed.

### III. The Individual Causes of Action Alleged Against Ferrari Fail to State a Claim Upon Which Relief May Be Granted and Must Be Dismissed

Months ago in scheduling this motion Plaintiffs insisted that Defendants produce written discovery in this proceeding prior to the date when Plaintiffs' Opposition was due. Plaintiffs naturally hoped to mine from these records a body of evidence that would support their claims or at least enable them to raise factual issues that would impair Defendants' motions to dismiss. Ferrari and the other Defendants produced their records in a timely fashion, giving Plaintiffs ample opportunity to offer relevant evidence in their Opposition to oppose the motions. Yet, despite this opportunity, Plaintiffs' Opposition remains conspicuously devoid of specificity just like their Complaint. Plaintiffs rely on

1344581.3

virtually none of the evidence that was produced to them by Defendants.[1] They simply repeat the thin and conclusory allegations of their Complaint, insisting they are entitled to the benefit of the doubt at this stage. Even with the benefit of inferences in Plaintiffs' favor, the Complaint must be dismissed as against Ferrari for failure to state a claim.

### A. Count II Must Be Dismissed Because Plaintiffs Have Not Properly Pled Their Status as Third-Party Beneficiaries

Plaintiffs allege in Count II that they are third-party beneficiaries to unspecified "contractual arrangements" between and among all defendants regarding the Race. Compl. ¶ 78. Plaintiffs attempt to plead causes of action for breach of contract and breach of warranty against Ferrari (and other defendants) based on this purported third-party beneficiary theory. Compl. ¶ 80.

In the Complaint, Plaintiffs acknowledged that they were not in possession of any contracts demonstrating their speculative claim they are intended third-party beneficiaries of Defendants' contracts. Compl. ¶ 79. Even with the benefit of discovery, including the various contracts among and between the Defendants, Plaintiffs' Opposition nevertheless falls back on the general allegation in the Complaint that the Defendants had unspecified "contractual arrangements" with respect to which Plaintiffs are third-party beneficiaries. Plaintiffs' Opp. at 19. The fact that Plaintiffs do not make a single reference to any specific contractual language in their Opposition confirms that Plaintiffs did not have a good faith basis to claim third-party beneficiary status when the Complaint was filed and that they have no such basis today.

Even under the minimum pleading requirements of the Federal Rules of Civil Procedure, Plaintiffs' claim clearly fails in the absence of identification of any

---

[1] In particular, Plaintiffs rely on the sporting rules governing the running of Formula One races. These rules are publicly available, though many teams produced copies of these rules in discovery.

contractual language they rely on for their third-party beneficiary claim. See Credit Gen. Ins. Co. v. Midwest Indem. Corp., 916 F. Supp. 766, 772 (N.D. Ill. 1996) (dismissing third-party beneficiary claim because claimants (i) failed to allege the terms of the alleged contract or provide a copy of the alleged contract, and (ii) failed to allege any circumstances in which the contracts were executed or any relationship between the contracting parties that would support a finding that they were intended beneficiaries of the contract); see also Kasada, Inc. v. Access Capital, Inc., No. 01 Civ. 8893, 2004 WL 2903776, at *20 (S.D.N.Y. Dec. 14, 2004) (dismissing claims for tortious interference with contractual relations and tortious interference with business relationships because the plaintiffs did not allege with any specificity the contracts that were allegedly breached or the business relations they claimed were prevented from going forward).

Plaintiffs must prove they are *intended* beneficiaries of a contract to be entitled to relief as third parties. See NN Investors Life Ins. Co. Inc. v. Crossley, 580 N.E.2d 307, 309 (Ind. Ct. App. 1991) (third-party beneficiary status requires "'(1) a clear intent by the actual parties to the contract to benefit the third party; (2) a duty imposed on one of the contracting parties in favor of the third party; and (3) performance of the contract terms is necessary to render the third party a direct benefit intended by the parties to the contract.'"). Under generally recognized contract principles the intention to benefit Plaintiffs must be revealed by the express terms of a contract.[2] Plaintiffs here do not allege any specific contractual or other language evidencing a clear intent to directly

---

[2] This is not a situation in which the parties advocate differing interpretations of certain contractual language. In that case plaintiffs might be entitled on a motion to dismiss to an inference that their interpretation is correct. Here, however, no specific contract has been identified and no language has been offered to construe from which an intent to benefit a third party may be inferred. See Mogensen v. Martz, 441 N.E.2d 34, 35 (Ind. Ct. App. 1982) (rejecting in part third-party beneficiary status where contract did not name property owners as a class).

8

1344581.3

benefit them. As is clear from Plaintiffs' Opposition, no language of any contract, or even any rule (which is not a contract), related to the 2005 USGP establishes the requisite "clear intent by the actual parties to the contract to benefit the third party [plaintiffs]." Luhnow v. Horn, 760 N.E.2d 621, 628 (Ind. App. Ct. 2001) (affirming summary judgment against plaintiffs because third-party contract did not express a clear intent to benefit them); NN Investors, 580 N.E.2d at 309.

Plaintiffs have failed to allege even one of the requisite criteria for third-party beneficiary status under Indiana law. They do not allege the existence of any provision in any contract involving Ferrari that names the 2005 USGP spectators. They do not plead that Ferrari entered into a contract intended to benefit 2005 USGP spectators. Nor do they plead that Ferrari's performance was necessary to render that intended benefit to 2005 USGP spectators. Plaintiffs, like other spectators to sporting events, obtained at most only an incidental benefit from any contracts involving Ferrari and are not third-party beneficiaries of those contracts as a matter of law.

Furthermore, Plaintiffs are wrong in arguing that their status as third-party beneficiaries is a question of fact, thus making dismissal improper. Plaintiffs' Opp. at 21. On the contrary, whether Plaintiffs are third-party beneficiaries is a question of law for this Court to decide, and dismissal of Plaintiffs' third-party beneficiary claim is appropriate and proper. See Wright v. Associated Ins. Cos., 29 F.3d 1244, 1249 (7th Cir. 1994) (affirming dismissal of third-party beneficiary on a motion to dismiss on the basis that plaintiff was not a party to the agreement at issue, and "[n]othing in the Agreement indicate[d] that the parties intended to confer a benefit on [plaintiff]"); Morrison v. American Online, Inc., 153 F. Supp. 2d 930, 934 (N.D. Ind. 2001) (granting

motion to dismiss and dismissing third-party beneficiary claim "as a matter of law" where plaintiff was not an intended beneficiary of the agreement).

It is also evident that Plaintiffs' claim that they are third-party beneficiaries of certain unidentified warranties has no application to Ferrari. Plaintiffs acknowledge that they are pursuing their warranty claims to the extent they apply to the sale of goods only and not the provision of services. Plaintiffs' Opp. at 23 fn.16. The only "goods" that are the subject of this action are Michelin tires, and Plaintiffs do not and cannot allege Ferrari used or bought such tires. Plaintiffs' Opp. at 23-24. Ferrari's only involvement in this case was as the provider of a service (i.e., racing its Bridgestone tire shod cars). Thus, there can be no warranty claim, whether express or implied against Ferrari. See Castillo, 268 A.D.2d at 337; Bickett v. Buffalo Bills, Inc., 122 Misc. 2d 880, 883, 472 N.Y.S.2d 245 (N.Y. Sup. 1983) ("A sporting event constitutes a service . . . and, accordingly, no warranties could be made or implied as a matter of law.").

No third-party beneficiary theory may proceed against Ferrari under plaintiffs' Complaint or under the facts that give rise to it. Count II should, therefore, be dismissed with prejudice as to Ferrari.

### B. Count III Must Be Dismissed Because Plaintiffs Fail to State a Legally Cognizable Claim for Promissory Estoppel Against Ferrari

Plaintiffs in Count III ask the Court to find Ferrari liable under a theory of promissory estoppel for alleged breaches of "promises" that were purportedly made in unidentified advertisements for the 2005 USGP. Plaintiffs have failed to state a claim for promissory estoppel against Ferrari because they have not properly alleged that Ferrari made any definite and specific promise to plaintiffs or that any such promise met any of the other requirements of a cause of action under this theory.

1344581.3

In order to state a claim for promissory estoppel, plaintiffs must allege facts that establish: (1) a promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise. Brown v. Branch, 758 N.E.2d 48, 52 (Ind. 2001); First Nat'l Bank of Logansport v. Logan Mfg. Co., 577 N.E.2d 949, 954 (Ind. 1994). The "promise" must be "clear, definite and unambiguous." Givon v. PPG Indus., Inc., 234 F.3d 1273, 2000 WL 1681081, at *3 (7th Cir. 2000) (unpublished opinion) (affirming dismissal of promissory estoppel claim because the alleged promise was too vague and indefinite); see All-Tech Telecom, Inc. v. Amway Corp., 174 F.3d 862, 868 (7th Cir. 1999) ("'the sine qua non of the theory of promissory estoppel is that the promise be clear and definite'") (internal quotation omitted); Indiana Hi-Rail Corp. v. CSX Transp., Inc., 818 F. Supp. 1254, 1262 (S.D. Ind. 1993) (dismissing promissory estoppel claim because "'without a clear and unambiguous promise there is no promissory estoppel'") (internal quotation omitted). In Givon, for example, the court found the allegation of a promise to "conduct business as usual" was insufficiently vague to extend a sales representative agreement. 2000 WL 1681081, at **3-4. Again, even with the benefit of the records produced in this proceeding, Plaintiffs here fail to allege any clear, definite and unambiguous promise by Ferrari. Plaintiffs contend merely that defendants promised to provide a "Regulation Formula One Championship Series Race with ten (10) Formula One teams competing." Compl. ¶ 82. In this respect Plaintiffs simply conjure up a generic promise and completely fail to provide any allegation stating where, when, or in what records this promise can be found, who made the promise, or any other circumstances surrounding

the alleged promise. Plaintiffs' allegation here is akin to that found insufficiently vague in Givon.

The alleged promise attributed to Defendants is not only insufficiently vague, it is implausible as to the racing Defendants. While each could promise it would race, it could never ensure or control the performance of others. The Complaint does not assert the teams had this control or power over one another. Even taking as true the only promise the racing teams could make was a promise that was in fact made by Ferrari -- that each team would race their own cars -- by running and completing the Race, Ferrari certainly did not breach the promise. See Point I, supra. There are no allegations made in the Complaint nor any evidence relied upon to suggest Ferrari should be a guarantor of the performance of the other racing teams. The proposition is, of course, absurd.

Finally, where as here, Plaintiffs claim Defendants breached a contract with Plaintiffs, a promissory estoppel claim cannot stand. Givon, 2000 WL 1681081, at *3 ("assuming that an oral contract existed . . . [plaintiff] cannot maintain a claim based on promissory estoppel"); All-Tech, 174 F.3d at 869-70 ("'Promissory estoppel is not a doctrine designed to give a party . . . a second bite at the apple in the event it fails to prove a breach of contract.'") (internal quotation omitted).

Plaintiffs' failure to allege any specific promise made by Ferrari on which they reasonably relied is fatal to their claim for promissory estoppel. Count III must also be dismissed with prejudice as to Ferrari pursuant to Federal Rule of Civil Procedure 12(b)(6).

### C. Count IV Must Be Dismissed Because Ferrari Did Not Breach Any Duty to Plaintiffs

Count IV alleges Ferrari (and other defendants) negligently failed to carry out the Race as allegedly promised. Compl. ¶ 86. As Ferrari explained in detail in its motion to dismiss, Plaintiffs' allegations clearly fall short of stating a claim upon which relief may be granted. See Ferrari's Mem. at 17-19. In their Opposition Plaintiffs do not refer to any duty that Ferrari may have owed and, in fact, only address assumption of duty in broad terms purporting to apply to all Defendants. Plaintiffs' Opp. at 30. Plaintiffs contend that "various Defendants" assumed a duty to the 2005 USGP spectators. Again, the Plaintiffs do not allege that Ferrari had a duty to cause other teams to race or to forfeit the advantage it had from being prepared to race while the other Defendant teams apparently were not.

If Ferrari owed any duty to Plaintiffs, at most it owed a duty to race; it clearly did not owe a duty to deliver a <u>specific</u> race with a specific number of cars or teams reaching the finish line. Plaintiffs received what they paid for, i.e., admission into the IMS to watch a Formula One automobile race. See Percha v. Detroit Lions, Inc., No. 240675, 2003 WL 23018757, at *1 (Mich. Ct. App. Dec. 23, 2003). By running and winning the Race, Ferrari amply satisfied any duty it may have owed Plaintiffs.

Because Ferrari owes no legal duty to the Plaintiffs and, even assuming it did owe such a duty, it did not breach it, Count IV must be dismissed with prejudice as to Ferrari.

### D. Count V Must Be Dismissed Because Ferrari Did Not Interfere With Any Contract

Plaintiffs allege that Ferrari tortiously interfered with a purported contract between them and the IMS by "arranging for the drivers with Michelin tires not to race in the

13
1344581.3

Race." Compl. ¶ 92. Again, Plaintiffs' allegations do not support a cause of action for tortious interference with contract. The five elements necessary to state a claim for tortious interference with a contractual relationship are: (1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach. Winkler v. V.G. Reed & Sons, Inc., 638 N.E.2d 1228, 1235 (Ind. 1994); Bilimoria Computer Sys., LLC v. America Online, Inc., 829 N.E.2d 150, 156 (Ind. Ct. App. 2005). Count V fails as a matter of law for at least the following reasons.

Again, as explained in detail in Ferrari's motion to dismiss, Plaintiffs fail to allege any term of a valid, enforceable contract between them and IMS that may have been breached. See Ferrari's Mem. at 20-21. Absent a contractual term that was allegedly breached, no claim may be stated against Ferrari or any other party for intentionally inducing a breach. Assuming their claim against Ferrari arises from a failure to cooperate with the other teams, Ferrari's conduct was entirely "justified" because it is a competitor. There is no allegation or evidence supplied by Plaintiffs from which a duty to cooperate with the other racing teams may be found. Ferrari's actions were consistent with the spirited environment of head-to-head competition. As with the other causes of action they assert against Ferrari, Plaintiffs in their Opposition simply repeat the vague allegations from their Complaint without identifying any term of a contract that Ferrari allegedly interfered with. Plaintiffs' Opp. at 37. Plaintiffs again fail to use the fruits of discovery to put Ferrari on notice of which contractual expectation it may have interfered with.

1344581.3

Furthermore, as Ferrari indisputably ran and won the Race, there can be no damages suffered as a result of a breach. Count V is, therefore, deficient as a matter of law and should be dismissed with prejudice as to Ferrari.

## CONCLUSION

For the foregoing reasons, Ferrari respectfully requests that the Court grant its motion to dismiss the Second Amended Complaint in its entirety for failure to state a claim upon which relief may be granted and that the Court grant such other relief as the Court may deem just and proper.

Dated: November 29, 2005
    New York, New York

HARRISON & MOBERLY

By   /s/ Stephen E. Arthur
    Stephen E. Arthur
    135 N. Pennsylvania St.
    Suite 2100
    Indianapolis, IN 46204
    317-639-4511

CARTER LEDYARD & MILBURN LLP

By _____
    Lawrence F. Carnevale LC 3936
    2 Wall Street
    New York, New York 10005

*Attorneys for Defendant*
*Ferrari S.p.A.*

1344581.3

# CERTIFICATE OF SERVICE

I certify that on November 29, 2005, a copy of the foregoing *Reply Memorandum of Law in Further Support of Defendant Ferrari S.p.A.'s Motion to Dismiss Second Amended Consolidated Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

William Bock, III
Kroger Gardis & Regas
wb@kgrlaw.com

Deborah J. Caruso
DALE & EKE
Dcaruso@daleeke.com

KC Cohen
KC COHEN LAWYER, PC
kc@esoft-legal.com

ROBERT L. GAUSS
ICE MILLER
gauss@icemiller.com

Jeff S. Gibson
COHEN & MALAD, LLP
jgibson@cohenandmalad.com

Scott D. Gilchrist
COHEN & MALAD, LLP
sgilchrist@cohenandmalad.com

James A. Knauer
KROGER GARDIS & REGAS, LLP
jak@kgrlaw.com

Offer Korin
KATZ & KORIN
okorin@katzkorin.com

Irwin B. Levin
COHEN & MALAD, LLP
ilevin@cohenandmalad.com

David M. Mattingly
ICE MILLER
David.mattingly@icemiller.com

Curtis W. McCauley
ICE MILLER
mccauley@icemiller.com

John K. McDavid
LOCKE REYNOLDS, LLP
jmcdavid@locke.com

Henry J. Price
PRICE WAICUKAUSKI RILEY & DEBROTA
hprice@price-law.com

Hugh E. Reynolds, Jr
LOCKE REYNOLDS, LLP
hreynolds@locke.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF, LLP
jriley@rbelaw.com

William N. Riley
PRICE WAICUKAUSKI RILEY & DEBROTA
wriley@price-law.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES, P.C.
rschuckit@schuckitlaw.com

Richard E. Shevitz
COHEN & MALAD, LLP
rshevitz@cohenandmalad.com

Dylan A. Vigh
DULIK & VIGH
dvighlaw@gmail.com

Sally F. Zweig
KATZ & KORIN
szweig@katzkorin.com

| | |
|---|---|
| Peter E. Boron<br>Robert C. Schubert<br>SCHUBERT & REE<br>SCHUBERT & REED, LLP<br>Two Embarcadero Center, Suite 1660<br>San Francisco, California 94111 | Peter W. Herzog, III<br>Bettina J. Strauss<br>BRYAN CAVE, LLP<br>One Metropolitan Square<br>211 N. Broadway, Suite 3600<br>St. Louis, Missouri 63102-2750 |
| Michael Hyman<br>MUCH SHELIST FREED DENENBERG AMENT &<br>RUBENSTEIN<br>191 North Wacker Drive Suite 1800<br>Chicago, Illinois 60606<br>mbhyman@muchshelist.com | Keith S. Shindler<br>1040 S. Milwaukee Avenue<br>Wheeling, Illinois 60090<br>keith@shindlerlaw.com |
| Matthew Gordon Allison<br>Thomas A. Doyle<br>BAKER & McKENZIE<br>Thomas.a.doyle@bakernet.com | William P. Wooden<br>James McGinnis Boyers<br>WOODEN & McLAUGHLIN LLP<br>Suite 1800, One Indiana Square<br>Indianapolis, Indiana 46204<br>wwooden@woodmaclaw.com |
| Shon Morgan<br>William Urquhart<br>QUINN EMANUEL URQUHART OLIVE & HEDGES<br>shonmorgan@wuinnemanuel.com | Larry D. Drury<br>LARRY D. DRURY, LTD.<br>ldrurylaw@aol.com |

By:   /s/Stephen E. Arthur
        Stephen E. Arthur

HARRISON & MOBERLY, LLP
135 North Pennsylvania Street, Suite 2100
Indianapolis, Indiana 46204