UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: 2005 UNITED STATES GRAND PRIX )   Master Docket No.
_____)   1:05-00914-SEB-VSS

**MICHELIN NORTH AMERICA, INC.'S SURREPLY IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

**Introduction**

Michelin North America, Inc. ("Michelin") submits this brief surreply to correct a number of inaccuracies contained in plaintiffs' reply memorandum in support of their motion for leave to amend (Doc. 134).

**Argument**

First, plaintiffs accuse Michelin of a lack of good faith in submitting the Case Management Plan ("CMP"). They argue that French Michelin entities received a copy of the Second Amended Complaint and that plaintiffs would have served the registered agent for Michelin North America had they "intended to sue Michelin North America rather than French Michelin entities" (Reply, at 6). These statements ignore or misstate a number of key facts: (1) in eight of the 10 cases that were consolidated before this Court under the caption "In re: 2005 United States Grand Prix Products Liability Litigation," plaintiffs did serve Michelin North America's registered agent; (2) the two cases not served on Michelin North America's registered agent nevertheless named Michelin Tire Corp., Michelin North America's predecessor; (3) the Second Amended Complaint was not served on any Michelin entity except Michelin North America; (4) Michelin North America was the entity responsible for administering the Refund Program that was the subject of plaintiffs' unsuccessful motion for protective order, and the

defendants' joint opposition to the motion filed in this Court defines Michelin as "Michelin North America"; and (5) at the settlement conference with Magistrate Shields on September 1, plaintiffs contended that they believed they had sued a French Michelin entity rather Michelin North America, yet the Joint CMP they agreed to file only five days later unambiguously identified Michelin North America as the only Michelin entity in the case. In the face of these indisputable facts, surely it was reasonable for Michelin to believe at the time the CMP was submitted to Magistrate Shields on September 6, 2005 that plaintiffs either had intended to sue Michelin North America or were satisfied that it was sufficient for them to sue Michelin North America.

Second, plaintiffs now contend the CMP contains no deadline for "motions for leave to amend the pleadings and/or to join additional parties," despite the fact that the standard form CMP for this Court specifically requires such a deadline and further requires that it be "no later than 5 months from the Anchor Date." Under plaintiffs' interpretation, even an adverse ruling on the motion to dismiss is not fatal because they believe they have retained the right to offer new theories against new parties. We submit the Court would not have approved a CMP that so deviated from its own requirements, and its approval suggests the Court interpreted the CMP as did Michelin. This is particularly true here because the Court has expressed a desire to resolve this matter promptly — the absence of any deadline for amending pleadings and joining parties would be directly contrary to that desire. As stated above, furthermore, plaintiffs had raised with Magistrate Shields the issue of whether the "correct" Michelin entity was in the case only five days before submitting the Joint Proposed CMP that identified the only Michelin defendant as "Michelin North America, Inc., improperly named Michelin Tire Corp.," and identified the undersigned as attorneys for Michelin North America, Inc. Michelin and its

counsel have operated in transparent good faith at all times throughout these proceedings and should not be subjected to criticism and personal attacks to justify plaintiffs' untimely (and futile) amendment.

Finally, Michelin's Response to Plaintiffs' "Notice of Dismissal" raised legitimate questions for decision by this Court regarding the effectiveness of plaintiffs' notice. There is an acknowledged split of authority on the issue of whether Fed. R. Civ. P. 41 can be used to dismiss an individual defendant or is limited to the dismissal of an entire action. In addition, despite repeatedly being provided with the correct names of Michelin Tire Corporation and Michelin North America, Inc., plaintiffs chose to submit a notice that did not correctly name either. Their curious decision to defend the incorrect "Notice of Dismissal" filed rather than to file a notice that correctly names the parties to be dismissed suggests that plaintiffs' strategy here was and is to prevent opposition to the motion to amend while attempting to reserve to themselves an undisclosed right to argue that Michelin North America remains in the case in the event the motion to amend is denied.

**Conclusion**

For these reasons, Michelin respectfully requests that the Court deny plaintiffs' motion for leave to amend.

Respectfully submitted,

By: /s/ Peter W. Herzog III
Peter W. Herzog III
Bettina J. Strauss
Bryan Cave LLP
211 N. Broadway, Suite 3300
St. Louis, MO 63102
(314) 259-2000

James W. Riley, Jr., Esq.
Riley Bennett & Egloff, LLP
141 East Washington Street
Suite 400
Indianapolis, IN 46204
(317) 636-8000

Attorneys for Michelin North America, Inc.

Certificate of Service

I hereby certify that on November 1, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Henry J. Price
William N. Riley
Gabriel A. Hawkins
PRICE WAICUKAUSKI RILEY & DEBROTA, LLC
hprice@price-law.com
mdabio@price-law.com
sbissonnette@price-law.com
jmiller@price-law.com
ghawkins@price-law.com
wriley@price-law.com
eamos@price-law.com

Irwin B. Levin
Richard E. Shevitz
Scott D. Gilchrist
Eric S. Pavlack
Jeff S. Gibson
COHEN & MALAD, LLP
ilevin@cohenandmalad.com
ccox@cohenandmalad.com
rshevitz@cohenandmalad.com
cmeadows@cohenandmalad.com
epavlack@cohenandmalad.com
sgilchrist@cohenandmalad.com
jgibson@cohenandmalad.com

William Bock, III
James A. Knauer
Reynolds B. Brissenden
Kurtis A. Marshall
KROGER GARDIS & REGAS
wb@kgrlaw.com
jak@kgrlaw.com
hns@kgrlaw.com
rbb@kgrlaw.com
tjb@kgrlaw.com
kam@kgrlaw.com

Michael B. Hyman  
MUCH SHELIST  
mbhyman@muchshelist.com

Deborah J. Caruso  
DALE & EKE  
dcaruso@daleeke.com  
lharves@daleeke.com

Peter E. Borkon  
Robert C. Schubert  
SCHUBERT & REED, LLP  
pborkon@schubert-reed.com  
rschubert@schubert-reed.com

KC Cohen  
KC COHEN LAWYER, PC  
kc@esoft-legal.com

Dylan A. Vigh  
DULIK & VIGH  
dvighlaw@gmail.com

Robert J. Schuckit  
SCHUCKIT & ASSOCIATES,P.C.  
rschuckit@schuckitlaw.com  
asmith@schuckitlaw.com  
lvecera@schuckitlaw.com  
asmith@schuckitlaw.com

Larry D. Drury  
ldrurylaw@aol.com

David M. Mattingly  
Curtis W. McCauley  
Robert L. Gauss  
Mark J. Richards  
ICE MILLER  
david.mattingly@icemiller.com  
jeni.keene@icemiller.com  
mccauley@icemiller.com  
lantz@icemiller.com  
gauss@icemiller.com  
worth@icemiller.com  
mark.richards@icemiller.com

A. William Urquhart
Shon Morgan
Scott L. Watson
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
billurquhart@quinnemanuel.com
shonmorgan@quinnemanuel.com
scottwatson@quinnemanuel.com

Sally Franklin Zweig
Offer Korin
Bernard Pylitt
KATZ & KORIN
szweig@katzkorin.com
jleguellec@katzkorin.com
bburows@katzkorin.com
vellis@katzkorin.com
okorin@katzkorin.com
cwright@katzkorin.com
bpylitt@katzkorin.com
ckeith@katzkorin.com

Stephen P. Handler, P.C.
Derek J. Meyer
Stephanie A. Petersmarck
MCDERMOTT WILL & EMERY LLP
shandler@mwe.com
spetersmarck@mwe.com

Hugh E. Reynolds, Jr.
John K. McDavid
LOCKE REYNOLDS LLP
hreynolds@locke.com
sdunn@locke.com
meaton@locke.com
jmcdavid@locke.com
sreynolds@locke.com

Lawrence F. Carnevale
CARTER LEDYARD & MILBURN, LLP
carnevale@clm.com

Stephen E. Arthur
Raymond A. Basile
HARRISON & MOBERLY
sarthur@h-mlaw.com
basile@h-mlaw.com

Thomas A. Doyle
James J. Dries
Matthew Gordon Allison
BAKER & MCKENZIE LLP
thomas.a.doyle@bakernet.com
james.j.dries@bakernet.com
matthew.g.allison@bakernet.com

James McGinnis Boyers
William P. Wooden
WOODEN & MCLAUGHLIN LLP
jboyers@woodmaclaw.com
wwooden@woodmaclaw.com


I hereby certify that on November 1, 2005, a copy of the foregoing was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Keith S. Shindler
1040 S. Milwaukee Ave.
Wheeling, IL 60090


      /s/ Peter W. Herzog III