IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: 2005 UNITED STATES GRAND PRIX PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Master Docket No. 1:05-CV-00914-SEB-VSS |

**CERTAIN DEFENDANTS'[1] RESPONSE TO PLAINTIFFS' SURREPLY**

Plaintiffs' Surreply is largely repetitive of their earlier briefing  This Response is limited accordingly.  Plaintiffs' Surreply looks more like an opportunity to have the last word in an argument, even if the last word adds nothing and is unsupported.

**I.  Verifiable Contract Rights**[2]

Despite being given the opportunity to file a Surreply, plaintiffs still cite no authority for their argument that plaintiffs' expectations were "objectively verifiable."  There is simply no authority that plaintiffs here are entitled to recover for any reason.

Moreover, defendants showed in their Joint Reply that the rules plaintiffs claim support their "objectively verifiable" expectations, in fact, support the opposite conclusion.  The rules in their totality support only the expectation that a race could be run with as few as cars as safety required.  *See* Defendants' Joint Reply Brief in Support of Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint ("Defendants' Reply") 2-6.

**II.  Straw-Man Arguments**

In this section of the Surreply, plaintiffs attempt to refute the safety concerns at the core of the rules.  Plaintiffs claim their assertion is not that defendants were required to race if they faced a safety problem, but that "there were safe alternatives to not racing and the defendants,

---

[1] For purposes of this Response, "Certain Defendants" are: Formula One Administration Limited, Formula One Management Limited, Fèdèration Internationale de l'Automobile, Michelin North America, Inc., BMW Williams F1 Team, Panasonic Toyota Racing, Red Bull Racing, Sauber Petronas, Lucky Strike Bar Honda, West McLaren Mercedes, and Mile Seven Renault F1 Team..

[2] Defendants have used the subject headings plaintiffs used in their Surreply.

with nefarious motives, chose not to pursue such alternatives." (Plaintiffs' Surreply 2.) Not only have plaintiffs never alleged what the so-called "nefarious motives" were, but their whole argument defies common sense. Indeed, plaintiffs go so far as to assert in their Surreply that, had the Michelin tire problem been discovered during the race, there would have been some reasonable means available, even then, to circumvent the problem. *Id.* at 3. This shows plaintiffs' argument unreasonably relies on having a twenty car race, regardless of the many reasons – including safety – for a smaller number of competitors to race.

### III. The Plaintiffs' Contracts

Although plaintiffs allege a breach of contract claim against only IMS, they refer to elements of their contract claim with respect to the other defendants throughout their arguments. This may be an effort to confuse the Court. In any event, it highlights the incongruities of the Complaint.

### V. The Exculpatory Clause

The Surreply adds nothing new. As stated in Defendants' Reply, the exculpatory clause bars plaintiffs' claims as it specifically and explicitly releases all defendants, either by actual name or as "participants in the event," from all claims arising out of the event. (Defendants' Reply 16.)

### VI. Third-Party Beneficiary

The Surreply adds nothing, other than an unfounded and incorrect conclusion.

### VII. Promissory Estoppel

Plaintiffs' argument as to the non-IMS defendants is based on an apparent misunderstanding of the law. While a party may pursue a contract claim, that claim may be fatally flawed by the failure to allege the "existence" of a contract with the defendants. Indeed, it

2

is plaintiffs' (perhaps intentional) inartful drafting which might lead one to assume plaintiffs are now pursuing contract claims against non-IMS defendants.

Alleging the conclusion that a specific promise was made is insufficient. There is nothing in the Surreply showing how the quoted statement is a promise at all, let alone a promise which is "clear and definable."

## VIII.  Negligence

Despite the clear holding of *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 151 (Ind. 2005), plaintiffs' argument rests on a tortured reading of the case. The *Gunkel* Court stated:

> We hold that damages recoverable in tort for a defective product or service are governed by the "economic loss" doctrine whether or not the product or service is supplied in a transaction subject to either the Products Liability Act or the Uniform Commercial Code, or both.

*Id.* The holding simply states that the economic loss doctrine governs damages recoverable in tort for a defective product or service. There is no carve-out for "assumption of duty claims" or any other subject area. The assumption of duty claim merely attempts to remedy the fact that there is otherwise no duty. It does not alter other aspects of negligence law.

## X.  Unjust Enrichment

Plaintiffs assert that the allegation: "Receipt of the benefits outlined in paragraphs 96 and 97 were retained under circumstances that make it unjust for IMS, FOA and FOM to retain them," sufficiently pleads facts alleging FOA did something wrong. (Plaintiffs' Surreply 8.) That statement alleges no FOA or FOM wrongdoing. Stating that the "circumstances" under which one retained a benefit is unjust is merely alleging a conclusion, not facts. Therefore, the allegation is insufficient.

3

**CONCLUSION**

For all of the foregoing reasons, Certain Defendants, by counsel, respectfully request that the Court dismiss the Second Amended Consolidated Complaint against them with prejudice, and provide all other relief proper in the premises.

Respectfully submitted,

LOCKE REYNOLDS LLP

By: */s/ John K.McDavid*
    Hugh E. Reynolds, Jr. #6033-49
    John K. McDavid, #14890-84
    Attorneys for Defendants,
    Formula One Administration Limited and
    Formula One Management Limited

CHI99 4568348-2.055455.0032

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

PLAINTIFFS' COUNSEL:

Henry J. Price
William N. Riley
Gabriel A. Hawkins
PRICE WAICUKAUSKI RILEY & DEBROTA
*hprice@price-law.com*
*wriley@price-law.com*
*ghawkins@price-law.com*
(Attorneys for Plaintiffs)

James A. Knauer
William Bock, III
Reynolds B. Brissenden
Kurtis Allen Marshall
KROGER GARDIS & REGAS, LLP
*jak@kgrlaw.com*
*wb@kgrlaw.com*
*rbb@kgrlaw.com*
*kam@kgrlaw*
(Attorneys for Plaintiff Bowers and Miller)

Robert C. Schubert
Peter E. Borkon
SCHUBERT & REED, LLP
*pborkon@schubert-reed.com*
*rschubert@schubert-reed.com*
(Attorneys for Plaintiff Dunn)

Robert J. Schuckit
SCHUCKIT & ASSOCIATES, P.C.
*rschuckit@schuckitlaw.com*
(Attorneys for Plaintiff Dunn)

Dylan A. Vigh
DULIK & VIGH
*dvighlaw@gmail.com*
(Attorneys for Plaintiff Shirey)

K.C. Cohen
K.C. COHEN LAWYER, PC
*kc@esoft-legal.com*
(Attorneys for Plaintiff Symons)

Eric S. Pavlack
Irvin B. Levin
Jeff S. Gibson
Richard E. Shevitz
Scott D. Gilchrist
COHEN & MALAD LLP
*epavlack@cohenandmalad.com*
*ilevin@cohenandmalad.com*
*jgibson@cohenandmalad.com*
*rschevitz@cohenandmalad.com*
*sgilchrist@cohenandmalad.com*
(Attorneys for Plaintiff Stewart)

Keith S. Shindler
LAW OFFICE OF KEITH S. SHINDLER, LTD.
*keith@shindlerlaw.com*
(Attorneys for Plaintiff Vassilyev)

Michael B. Hyman
MUCH, SHELIST, FREED, DENENBERG,
AMENT & RUBENSTEIN, P.C.
*mbhyman@muchshelist.com*
(Attorneys for Plaintiff Vassilyev)

Deborah J. Caruso
DALE & EKE
*dcaruso@daleeke.com*
(Attorneys for Plaintiff Vassilyev)

DEFENDANTS' COUNSEL:

Matthew Gordon Allison
Thomas A. Doyle
James J. Dries
BAKER & MCKENZIE
*thomas.a.doyle@bakernet.com*
*james.j.dries@bakernet.com*
*matthew.g.allison@bakernet.com*
(Attorneys for Mile Seven Renault F1 Team, BMW Williams F1 Team, Lucky Strike Bar Honda, Panasonic Toyota Racing, Red Bull Racing, Sauber Petronas and West McLaren Mercedes)

William P. Wooden
James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
*wwooden@woodmaclaw.com*
*jboyers@woodmaclaw.com*
(Attorneys for Mile Seven Renault F1 Team, BMW Williams F1 Team, Lucky Strike Bar Honda, Panasonic Toyota Racing, Red Bull Racing, Sauber Petronas and West McLaren Mercedes)

James W. Riley, Jr.
RILEY BENNETT & EGLOFF, LLP
*jriley@rbelawa.com*
(Attorneys for Michelin North American, Inc.)

Bettina J. Strauss
Peter W. Herzog, III
BRYAN CAVE LLP
*bjstrauss@bryancave.com*
*pwherzog@bryancave.com*
(Attorneys for Michelin Tire Corporation)

Shon Morgan  
A. William Urquhart  
Scott Watson  
QUINN EMANUEL URQUHART OLIVER & HEDGES  
*shonmorgan@quinnemanuel.com*  
*billurquhart@quinnemanuel.com*  
*scottwatson@quinnemanuel.com*  
(Attorneys for Fèdèration Internationale De L'Automobile)

Offer Korin  
Sally F. Zweig  
Bernard L. Pylitt  
KATZ & KORIN  
*okorin@katzkorin.com*  
*szweig@katzkorin.com*  
*bpylitt@katzkorin.com*  
(Attorneys for Fèdèration Internationale De L'Automobile)

David M. Mattingly  
Robert L. Gauss  
Curtis W. McCauley  
Mark J. Richards  
ICE MILLER  
*david.mattingly@icemiller.com*  
*robert.gauss@icemiller.com*  
*mark.richards@icemiller.com*  
*curtis.mccauley@icemiller.com*  
(Attorneys for Indianapolis Motor Speedway Corporation)

Steven P. Handler, P.C.  
Derek J. Meyer  
Stephanie A. Petersmarck  
MCDERMOTT WILL & EMERY LLP  
*shandler@mwe.com*  
*dmeyer@mwe.com*  
*spetersmarck@mwe.com*  
(Attorneys for Formula One Administration Limited and Formula One Management Limited)

Lawrence F. Carnevale  
CARTER LEDYARD & MILBURN, LLP  
*carnevale@clm.com*  
(Attorneys for Scuderia Ferrari Marlboro)

Stephen E. Arthur  
Raymond A. Basile  
HARRISON & MOBERLY  
*sarthur@h-mlaw.com*  
*basile@h-mlaw.com*  
(Attorneys for Scuderia Ferrari Marlboro)

Larry D. Drury  
LARRY D. DRURY, LTD.  
*ldrurylaw@aol.com*  
(Attorney for Katsenes)

    */s/ John K. McDavid*  
    John K. McDavid

LOCKE REYNOLDS LLP  
201 North Illinois Street, Suite 1000  
P.O. Box 44961  
Indianapolis, IN 46244-0961  
317-237-3800  
Fax: 317-237-3900

*hreynolds@locke.com*
*jmcdavid@locke.com*

659701_1